UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PABLO CRUZ, RIGOBERTO FLORES,
MAURICIO LOPEZ, ELVIS HERNANDEZ,
VASIL YANES AND ADOLFO HERNANDEZ,

                    Plaintiffs,

   v.

1730 WALT WHITMAN ROAD CORP. d/b/a
News Stand Deli, WARREN DANIELE AND
GINO DANIELE,

                    Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

23-cv-8992 (ENV) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      For several years, Defendant 1730 Walt Whitman Road Corp., a New York Corporation, operated as a deli in Melville, New York called News Stand Deli (Defendant, or News Stand Deli). Electronic Case Filing (ECF) No. 1 ¶ 11. Individual Defendants Warren Daniele and Gino Daniele managed the deli. *Id.* ¶¶ 15-18.

      Plaintiffs worked at the deli in various roles, including as kitchen workers, cooks, cashiers/front desk workers, maintenance, and deliverymen. *Id.* ¶¶ 28-33. The deli later closed in September 2023, and on December 7, 2023 Plaintiffs sued Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA), and the New York Labor Law, NYLL §§ 190 *et seq.* and corresponding regulations (NYLL), seeking compensation for unpaid overtime and minimum wages and spread-of-hours pay. *See generally* ECF No. 1.

      Although Plaintiffs served Defendant News Stand Deli on January 18, 2024[1] (*see* ECF No. 9), it never answered or otherwise appeared to defend itself in this case. Plaintiffs, therefore,

---

[1] Plaintiffs only served process on Defendant News Stand Deli and never served individual Defendants Warren Daniele and Gino Daniele. *See* ECF No. 9. Plaintiffs do not seek any relief against them. *See* ECF No. 24.

obtained a certificate of default against News Stand Deli (ECF No. 11) and, on August 20, 2024, moved for default judgment against it. ECF No. 15.

Plaintiffs' motion for default judgment is before the undersigned on referral from District Judge Eric N. Vitaliano. Electronic Order, dated February 13, 2025. For the reasons set forth below, the undersigned respectfully recommends that the Court deny Plaintiffs' motion for default judgment in its entirety. The undersigned also *sua sponte* recommends that the Court dismiss all claims against individual Defendants Warren Daniele and Gino Daniele.

**I.   BACKGROUND**[2]

   **A.   Factual Background**

      1.   <u>Defendant News Stand Deli</u>

Defendant News Stand Deli is a New York corporation that operated as a deli restaurant in Melville, New York. ECF No. 1 ¶ 11. As a restaurant, Defendant "at all relevant times . . . used goods and materials produced in interstate commerce" and "employed at least two individuals who handled such goods and materials." *Id.* ¶¶ 12, 14. Further, "at all relevant times, defendants [sic] News Stand Deli has had gross revenues in excess of $500,000.00." *Id.* ¶ 13. News Stand Deli's owners/managers Warren Daniele and Gino Daniele had "the power to hire and fire employees, set wages and schedules, and maintain their records." *Id.* ¶¶ 15-18.

According to Plaintiffs, News Stand Deli never kept track of their time worked, never provided a method to track their time, and never provided them with any time records. ECF No.

---

[2] The following facts are taken from Plaintiffs' Complaint (ECF No. 1) and Plaintiffs' declarations in support of their motion for default judgment (ECF No. 16-1, ECF No. 16-5). In light of Defendant's failure to challenge Plaintiffs' allegations, the Court will accept all factual allegations in the Complaint as true for the purposes of this Motion. *See, e.g.*, *Jimenez v. Green Olive Inc.*, 744 F. Supp. 3d 221, 234-35 (E.D.N.Y. 2024) (collecting cases).

16-5 at pp. 2-3, 5, 7, 9, 11, 13 (Plaintiffs' separate declarations affirming that Defendant did not provide them with wage notices).

    2.    <u>Plaintiffs</u>

        a)    *Pablo Cruz*

Plaintiff Pablo Cruz worked at the deli from "approximately November 2021 through September 2023" as a "food preparer." *Id.* ¶ 28. Cruz regularly worked fifty hours per week. *Id.* ¶ 37. On weekdays, he worked eight-and-a-half hours from 6:30 AM to 3:00 PM. *Id.* ¶ 36. And on Saturdays, he worked seven-and-a-half hours from 7:00 AM to 2:30 PM. *Id.* He generally had Sundays off. *Id.* Cruz "was paid" a fixed weekly salary of $770. *Id.* ¶¶ 38-39.

        b)    *Rigoberto Flores*

Plaintiff Rigoberto Flores worked at the deli from "approximately March 2001 until November 2021" as a "front desk, cashier, and delivery man." *Id.* ¶ 29. From March 1, 2001 to March 1, 2020, Flores worked sixty hours per week. *Id.* ¶ 41. On weekdays and Saturdays, he worked ten hours from 6:00 AM to 4:00 PM. *Id.* ¶ 40. He generally had Sundays off. *Id.* During this period, Flores "was paid" a fixed weekly salary of $640. *Id.* ¶ 42.

"From June 1, 2020 until the end of his employment on November 1, 2021," Flores worked forty-eight hours per week. *Id.* ¶ 43-44. On weekdays and Saturdays, he worked from 6:00 AM to 2:00 PM. *Id.* ¶ 43. During this period, Flores "was paid" a fixed weekly salary of $440. *Id.* ¶¶ 45-46.

        c)    *Mauricio Lopez*

Plaintiff Mauricio Lopez worked at the deli from "approximately 2000 through September 2023 . . . at the front desk/counter and as a food preparer." *Id.* ¶ 30. From the year 2000 to May 12, 2020, Lopez worked fifty-five hours per week. *Id.* ¶ 48. On weekdays, he worked ten hours from 5:00 AM to 3:00 PM. *Id.* ¶ 47. On Saturdays, he worked five hours from

3

6:00 AM to 11:00 AM.  *Id.*  He generally had Sundays off.  *Id.*

From May 12, 2020 until September 2023, Lopez worked forty-nine-and-a-half hours per week.  *Id.* ¶ 50.  On weekdays, he worked from 6:30 AM to 3:00 PM.  *Id.* ¶ 49.  On Saturdays, he worked from 7:00 AM to 2:00 PM.  *Id.*  He generally had Sundays off.  *Id.*  From 2017 to September 2023, Lopez "was paid" a fixed weekly salary of $800.  *Id.* ¶ 51.

### d) Elvis Hernandez

Plaintiff Elvis Hernandez worked at the deli from "approximately 1999 through September 2023" as a "food preparer, maintenance [sic] and chicken griller."  *Id.* ¶ 31.  From the year 1999 to July 1, 2020, he worked sixty-three-and-a-half hours per week.  *Id.* ¶ 54.  On weekdays, he worked eleven hours from 6:00 AM to 5:00 PM.  *Id.* ¶ 53.  On Saturdays, he worked eight-and-a-half hours from 6:30 AM to 3:00 PM.  *Id.*  He generally had Sundays off.  *Id.*  In "2017, 2018, 2019 and the first two months of 2020," Elvis Hernandez "was paid" $700 per week.  *Id.* ¶ 57.

From "July 1, 2020, through approximately September 2023" Elvis Hernandez worked fifty-four hours per week.  *Id.* ¶ 56.  On weekdays and Saturdays, he worked nine hours from 6:00 AM to 3:00 PM.  *Id.* ¶ 55.  He generally had Sundays off.  *Id.*  From July 2020 to August 2022, Elvis Hernandez "was paid" $650 per week; from September 2022 to December 2022, $900 per week; and "during 2023," $1,215 per week.  *Id.* ¶ 57.

### e) Vasil Yanes

Plaintiff Vasil Yanes worked at the deli from "approximately 1999 until March 2020" as a "pizza man."  *Id.* ¶ 32.  He worked forty-eight hours per week.  *Id.* ¶ 60.  On weekdays and Saturdays, he worked eight hours from 7:00 AM to 3:00 PM  *Id.* ¶ 59.  He generally had Sundays off.  *Id.*  From the beginning of his employment to 2016, Yanes "was paid" $8 per hour, and from "2016 until the end of his employment," $10 per hour.  *Id.* ¶ 61-62.

####### *f)*      Adolfo Hernandez

Plaintiff Adolfo Hernandez worked at the deli "from approximately January 2021 until March 17, 2023 . . . at the counter and as a grill and pizza man." *Id.* ¶ 33. From January 2021 to October 2022, he worked fifty-four hours per week. *Id.* ¶ 66. On weekdays and Saturdays, he worked nine hours from 6:00 AM to 3:00 PM. *Id.* ¶ 65. He generally had Sundays off. *Id.* During that time, Adolfo Hernandez "was paid" a fixed weekly salary of $745. *Id.* ¶ 67.

From October 2022 to March 17, 2023, Adolfo Hernandez worked an alternating schedule, working either forty-five or fifty-four hours per week. *Id.* ¶ 70. He worked either five or six days per week, from 6:00 AM to 3:00 PM Monday through Friday or Saturday, with Sundays off. *Id.* ¶ 68. He also worked on Saturday one week per month. *Id.* As a result, he worked about forty-five hours per week during the five-day work weeks, and about fifty-four hours per week during the six-day work weeks. *Id.* ¶ 70. Adolfo Hernandez "was paid" $645 for five-day work weeks and $745 for six-day work weeks. *Id.* ¶ 71.

**B.**      **Procedural Background**

Plaintiffs filed the Complaint on December 7, 2023 seeking to recover on five claims under the FLSA and NYLL: unpaid minimum wages under the NYLL (count one); unpaid overtime wages under the FLSA (count two); unpaid overtime wages under the NYLL (count three); unpaid spread-of-hours pay under the NYLL (count four); and wage-notice violations under the NYLL (count five). *Id.* ¶¶ 89-115.

On January 18, 2024 Plaintiffs served Defendant News Stand Deli but not individual Defendants Warren Daniele and Gino Daniele. *See* ECF No. 9. News Stand Deli failed to answer, and Plaintiffs obtained a certificate of default against it on February 15, 2024. ECF No. 11. On August 20, 2024 Plaintiffs filed a motion for default judgment along with supporting materials. ECF No. 15 (motion); ECF No. 16 (memorandum in support with declaration and

5

exhibits). Plaintiffs served the motion and supporting materials on News Stand Deli on September 27, 2024, but did not file proof of service until October 2, 2024. ECF No. 18. Judge Vitaliano referred the motion to the undersigned on February 13, 2025. Electronic Order, dated February 13, 2025.

The next day, on February 14, 2025, the Court noted Plaintiffs' late service of their default judgment motion and deemed it fully submitted as of October 2, 2024. Electronic Order, dated February 14, 2025. The Court also ordered Plaintiffs to confirm compliance with Eastern District of New York Local Civil Rule (Local Rule) 55.2 by March 7, 2025 and to serve the Order and the entire docket on News Stand Deli by that same date. *Id.* When Plaintiffs failed to timely confirm Local Rule 55.2 compliance, the Court on March 11, 2025 extended Plaintiffs' deadline to do so to March 21, 2025 and warned that failure could result in denial of the motion without prejudice. Electronic Order, dated March 11, 2025. Plaintiffs then filed an affirmation on March 21, 2025 confirming compliance with Local Rule 55.2 (ECF No. 21), but their contemporaneous certificate of service (ECF No. 20) reflected that they had served the Court's February 14th and March 11th Orders and the docket on March 20th (well past the original March 7th deadline). On March 23, 2025, the Court noted Plaintiffs' continued untimeliness, ordered Defendant to respond to the default judgment motion by April 25, 2025, and again directed Plaintiffs to promptly affirm service of the Order, warning that continued failures could result in denial and sanctions. Electronic Order, dated March 23, 2025. Finally, on March 24, 2025, Plaintiffs fully certified compliance with the Court's directives. ECF No. 22; ECF No. 23. Despite Plaintiffs' service, News Stand Deli failed to respond to the motion by the April 25, 2025 deadline.

6

Separately, on July 1, 2025, the Court ordered Plaintiffs to show cause why the undersigned should not *sua sponte* recommend dismissal of all claims against individual Defendants Warren Daniele and Gino Daniele based on Plaintiffs' failure to serve process on them. Electronic Order, dated July 1, 2025. Plaintiffs responded that they have "no objection to the [C]ourt dismissing this action as to the individual defendants Warren Daniele and Gino Daniele, without prejudice, and proceeding on the default judgment application submitted against the corporate defendant 1730 Walt Whitman Road Corp." ECF No. 24.

## II.     LEGAL STANDARD

### A.     Default Judgement

Federal Rule of Civil Procedure (Rule) 55 sets out a two-step process for obtaining a default judgment. Fed. R. Civ. P. 55(a)-(b). First, the movant must obtain a certificate of default from the Clerk of the Court. *Id.* 55(a). Once default has been entered, then, at the plaintiff's request, the Clerk must enter default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." *Id.* 55(b)(1). If the calculation of damages requires any level of discretion, the plaintiff may instead move the court to enter a default judgment. *Id.* 55(b)(2).

In evaluating a motion for default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Cooper v. Fire & Ice Trucking, Corp.*, No. 23-CV-1675, 2024 WL 3344001, at *3 (E.D.N.Y. July 9, 2024). The court also must find "a basis for the damages specified in the default judgment." *Jeremiah v. 5 Towns Jewish Times, Inc.*, No. 22-CV-5942, 2023 WL 5703698, at *5 (E.D.N.Y. Sept. 5, 2023). "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of

7

damages." *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914, 2023 WL 6338666, at *12 (E.D.N.Y. Sept. 29, 2023) (quoting *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)).

### III. DISCUSSION

The undersigned respectfully recommends that the Court deny Plaintiffs' motion for default judgment because Plaintiffs have failed to (1) satisfy the "jurisdictional requirements," and (2) "establish liability as a matter of law." *See Cooper*, 2024 WL 3344001, at *3. As pleaded, Plaintiffs lack standing to assert their wage-notice and wage-statement claim (count five). And, moreover, Plaintiffs' FLSA and NYLL claims (counts one through five) each fail because the Complaint does not establish an employer-employee relationship between News Stand Deli and Plaintiffs.

#### A. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over Plaintiffs' wage-notice claim (count five) because Plaintiffs lack Article III standing to pursue it. *See, e.g.*, *Borja v. MSK Rest. Corp.*, No. 22-CV-6178, 2025 WL 951402, at *16-17 (E.D.N.Y. Mar. 13, 2025), *report and recommendation adopted*, 2025 WL 948122 (Mar. 29, 2025) (recommending dismissal of NYLL wage-notice claim on motion for default judgment due to lack of standing); *Jimenez*, 744 F. Supp. 3d at 238-40 (E.D.N.Y. 2024) (same).

The NYLL's wage theft prevention act provisions, N.Y. Lab. L. §§ 195, 198 (WTPA), require employers to provide wage notices and wage statements containing (among other things) information regarding the name of the employer, the employee's rate of pay, regular pay day, gross wages, applicable deductions and allowances, and net wages. *See* N.Y. Lab. L. §§ 195(1)(a), 195(3). The provisions impose statutory damages for noncompliance. *Id.* §§ 198(1-b), 198(1-d).

8

Although the WTPA provisions provide for statutory damages, an employer's alleged failure to provide wage notices or wage statements, standing alone, does not automatically entitle an employee to relief.  Rather, Article III limits a federal court's jurisdiction to "Cases" and "Controversies."  U.S. Const. art. III, § 2, cl. 1.  "For a lawsuit to constitute a case within the meaning of Article III, the plaintiff must have standing to sue," requiring plaintiff to show three elements: "injury in fact, causation, and redressability."  *Diamond Alt. Energy, LLC v. EPA*, 145 S. Ct. 2121, 2133 (2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

The first requirement, injury in fact, requires the plaintiff to demonstrate an injury that is "concrete," "particularized," and "actual or imminent, not speculative."  *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024).  The Second Circuit has clarified that, to satisfy the injury-in-fact requirement for a wage-notice and wage-statement violation, "a plaintiff must adequately allege a concrete injury-in-fact resulting from the failure to provide the wage notices and wage statements."  *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 302 (2d Cir. 2024).  To do so, a plaintiff must allege a "causal connection between the lack of accurate notices and the downstream harm."  *Id.* at 308.  Thus, "unless the plaintiff-employee can show that he or she . . . plausibly would have avoided some actual harm or obtained some actual benefit if accurate notices had been provided, the plaintiff-employee has not established a concrete injury-in-fact sufficient to confer standing."  *Id.*

Here, the Court finds that Plaintiff failed to plead a concrete injury resulting from News Stand Deli's alleged failure to provide wage notices and wage statements.  Plaintiffs allege only that Defendant failed "to provide them with the wage notice required by the [WTPA] when they were hired," and failed "to provide them with weekly wage statements required by the [WTPA] at any time."  ECF No. 1 ¶¶ 112-13.  Without connecting those allegations to any concrete harm,

9

Plaintiffs assert that they "are each entitled to recover from the defendants statutory damages." *Id.* ¶¶ 114-15.

These allegations are plainly insufficient to satisfy the injury-in-fact requirement because they fail to establish a "causal connection between the lack of accurate notices and the downstream harm." *Guthrie*, 113 F.4th at 308. In fact, the Complaint lacks any allegations of harm stemming from Defendant's alleged WTPA violations. Plaintiffs do not allege, for instance, that Defendant's failure to provide wage notices prevented them from advocating for higher pay or otherwise caused any tangible pocketbook injury. *See id.* at 310-11 (holding that plaintiff lacked standing to assert WTPA claim where the complaint alleged only a statutory violation and entitlement to damages without connecting the violation to a concrete harm).

Therefore, because Plaintiffs lack standing to assert their NYLL wage-notice and wage-statement claim (count five), the Court lacks subject matter jurisdiction over the claim and Plaintiffs cannot recover statutory damages for any alleged WTPA violation. The Court should deny Plaintiffs' motion for default judgment as to that claim.

### B.    Liability

On a motion for default judgment the court must assess whether Plaintiffs' "well-pleaded factual allegations establish Defendant['s] liability as a matter of law." *Cooper*, 2024 WL 3344001, at *6. Here, Plaintiffs' Complaint contains only threadbare conclusory allegations and therefore fails to plausibly allege that Defendant News Stand Deli employed Plaintiffs under the FLSA and NYLL. Accordingly, for the reasons that follow, Plaintiffs' FLSA and NYLL claims (counts one through five) fail to establish News Stand Deli's liability as a matter of law, and the Court should deny Plaintiffs' motion for default judgment in its entirety.

1.  Employer-Employee Relationship Under the FLSA and NYLL

To establish FLSA and NYLL liability,[3] Plaintiffs must first show an employer-employee relationship between themselves and Defendant. *See Cooper*, 2024 WL 3344001, at *6-7 (assessing employer-employee relationship on motion for default judgment). The FLSA defines "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d).

To determine employer status, courts in this circuit assess the "economic reality" of the relationship between the plaintiff and defendant, considering "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)); *see also Xia v. 62-98 Realty LLC*, No. 19-CV-1203, 2024 WL 5181633, at *5-6. (E.D.N.Y. Dec. 19, 2024) (describing economic reality test factors). Courts must consider the totality of the circumstances, and no single factor is dispositive. *See Irizarry*, 722 F.3d at 106.

Here, Plaintiffs' conclusory allegations are insufficient to establish that Defendant News Stand Deli was their employer. Plaintiffs in wage-and-hour cases often receive some pleading deference on motions for default judgment, particularly with respect to proving FLSA coverage and recollection of damages. *See, e.g.*, *Borja*, 2025 WL 951402, at *11 (finding conclusory allegation that defendant restaurant "had gross annual revenue in excess of $500,000" throughout

---

[3] Because courts in the Second Circuit interpret employer-employee relationships under the NYLL coextensively with the FLSA, the Court analyzes this threshold issue based on the FLSA's definitions. *See, e.g.*, *Vasquez v. Bolla Operating L.I. Corp.*, No. 22-CV-7014, 2025 WL 1029391, at *3 (E.D.N.Y. Feb. 25, 2025), *report and recommendation adopted*, 2025 WL 957555 (Mar. 31, 2025).

11

the litigation to be sufficient on motion for default judgment); *Jimenez*, 744 F. Supp. 3d at 249 ("[I]t would be unfair to require more substantial proof of improper compensation when the defendant is not participating in the case and the plaintiff lacks the ability to obtain the defendant's employment records through discovery.").

With that said, Plaintiffs' "well-pleaded factual allegations" must still "establish Defendant['s] liability as a matter of law," *Cooper*, 2024 WL 3344001, at \*6, and courts in this District routinely deny default judgment motions where complaints rely on little more than formulaic recitations of the elements of employer status. *See*, *e.g.*, *Jurado v. Sabor Hispano, Inc.*, No. 20-CV-1104, 2021 WL 11690645, at \*8 (E.D.N.Y. Aug. 5, 2021). In *Jurado*, for example, the court recommended denial of the plaintiff's default judgment motion because the complaint was "bereft of well-pleaded allegations" establishing that the corporate defendant employed them. *Id.* Given "the paucity of information in the complaint about [plaintiff's] work with [d]efendants," and the "conclusory and boilerplate" nature of the allegations, the court found that plaintiff failed to establish an employer-employee relationship under the FLSA or NYLL necessary to support liability on their motion for default judgment. *Id.*

Other decisions in this district addressing similar allegations have reached the same result. *See, e.g.*, *Duan v. Studio M Bar & Lounge Inc.*, No. 20-CV-2240, 2023 WL 11936864, at \*2 (E.D.N.Y. May 1, 2023) (noting that "boilerplate assertions of employer status as defined by the Second Circuit" were insufficient to establish employer status on motion for default judgment); *Gao v. Jian Song Shi*, No. 18-CV-2708, 2021 WL 1949275, at \*6 (E.D.N.Y. Apr. 30, 2021), *report and recommendation adopted*, 2021 WL 1946322 (May 15, 2021) (concluding that plaintiff failed to "adequately allege that defendants were plaintiff's employers" on motion for default judgment where the allegations were "verbatim assertions of the [employer] factors

12

articulated by the Second Circuit").

Plaintiffs' Complaint suffers from the same deficiencies. The extent of Plaintiffs' employer allegations are as follows:

> At all relevant times herein, defendant News Stand Deli owned and operated an American restaurant named News Stand Deli, located at 1730 Walt Whitman Road, Melville, NY 11747, until its closing in approximately September 2023 (ECF No. 1 ¶ 11);
>
> Upon information and belief, defendant Warren Daniele at all relevant times has been an owner or part owner and principal of News Stand Deli with the power to hire and fire employees, set wages and schedules, and maintain their records (*id.* ¶ 15);
>
> Defendant Warren Daniele was at all relevant times involved in the day-to-day operations of News Stand Deli and played an active role in managing the business (*id.* ¶ 16);
>
> Upon information and belief, defendant Gino Daniele at all relevant times has been an owner or part owner and principal of News Stand Deli with the power to hire and fire employees, set wages and schedules, and maintain their records (*id.* ¶ 17);
>
> Defendant Gino Daniele was at all relevant times involved in the day-to-day operations of News Stand Deli and played an active role in managing the business (*id.* ¶ 18);
>
> Defendants each constituted an "employer" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law (*id.* ¶ 19).

These threadbare allegations are insufficient to establish an employer-employee relationship. The key allegations regarding employer status do little more than parrot the elements of the economic reality test and, moreover, are pled upon information or belief. Thus, the Court declines to give these allegations weight. *See Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) ("The minimal allegations in the [c]omplaint . . . are made solely on information and belief, and such allegations are accorded no weight, even on default.").

The allegations in the remainder of the Complaint add little beyond those formulaic assertions. The rest of the Complaint states (in sum and substance) that each Plaintiff "was employed at News Stand Deli" (*id.* ¶¶ 27-72), identifies the regular schedule that each Plaintiff worked and regular salary each "was paid" (*id.*), asserts (without substantiation) that Defendants' "failure to pay" was "willful" (*id.* ¶¶ 73-88), and claims that Plaintiffs are entitled to damages (*id.* ¶¶ 89-115). These allegations lack any specificity. The Complaint does not identify a single instance where any Defendant hired, fired, supervised, managed, paid (or failed to pay), or otherwise interacted with any Plaintiff. Nor does it specify who exactly set the schedules, determined pay, or maintained records. Instead, the Complaint obscures the actor altogether, making nonexistent any well-pleaded factual allegation regarding any Defendants' conduct.[4] These deficiencies are especially troubling given the significant damages that Plaintiffs seek (more than $1 million). *See* ECF No. 16-1 ¶ 21(claiming "$1,014,744.50" in damages).[5]

In sum, Plaintiffs have failed to plead facts establishing that Defendant News Stand Deli was their employer within the meaning of the FLSA or NYLL. Because employer status is a threshold requirement for liability under both statutes, all of Plaintiffs' claims necessarily fail. Having failed to establish liability as a matter of law, the undersigned respectfully recommends that the Court deny Plaintiffs' motion for default judgment.

---

[4] Most of these allegations are pled in the passive voice construction, making the Plaintiffs the subject acted on while obscuring the actor—i.e., who specifically employed them, or who specifically paid (or failed to pay) them. *See generally* The Chicago Manual of Style ¶ 5.122 (17th ed. 2017) ("Voice shows whether the subject acts (active voice) or is acted on (passive voice)—that is, whether the subject performs or receives the action of the verb.").

[5] The Court also notes that the Complaint appears to have been copy-and-pasted from another filing, as it refers on multiple occasions to plaintiffs who are not (and never were) parties here. *See* ECF No 1 ¶ 91 (alleging that "Defendants willfully violated Mr. Madrid Reyes's and Mr. Moran's rights"); *id.* at p. 23 (requesting that the court appoint "Mr. Madrid Reyes" and "Mr. Moran" to represent collective action members). This lack of attention to detail underscores the conclusory and nontailored nature of the Complaint. It's also indicative of Plaintiffs' repeated failure to comply with the Court's Orders in this case—including their belated service—which has needlessly delayed the Court's resolution of this motion. *See supra* p. 6-7 (detailing the Court's efforts to ensure Plaintiffs' compliance with its Orders).

### C. Failure to Serve Individual Defendants Warren Daniele and Gino Daniele

In addition to denial of Plaintiffs' motion for default judgment, the undersigned also *sua sponte* recommends that the Court dismiss all claims against individual Defendants Warren Daniele and Gino Daniele.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs filed the Complaint on December 7, 2023 (ECF No. 1), but never served individual Defendants Warren Daniele and Gino Daniele. On July 1, 2025 the undersigned issued an Order to Show Cause why the undersigned should not *sua sponte* recommend that the Court dismiss those two Defendants based on Plaintiffs' failure to serve. Electronic Order, dated July 1, 2025. Plaintiffs responded on July 7, 2025 that they have "no objection to the [C]ourt dismissing this action as to the individual defendants Warren Daniele and Gino Daniele, without prejudice." ECF No. 24. Accordingly, on Plaintiffs' consent, the Court should dismiss without prejudice all claims against individual Defendants Warren Daniele and Gino Daniele.

### IV. CONCLUSION

For the reasons set forth in this Report and Recommendation, the undersigned recommends that the Court deny Plaintiffs' motion for default judgment (ECF No. 15) in its entirety. The undersigned further *sua sponte* recommends that the Court dismiss without prejudice all claims in the Complaint (ECF No. 1) against individual Defendants Warren Daniele and Gino Daniele. Because the undersigned finds that Plaintiffs (1) lack standing to assert their wage-notice and wage-statement claim (count five), and (2) failed to establish liability as a matter of law on all of their FLSA and NYLL claims (counts one through five), the undersigned

15

further recommends that Plaintiffs be given thirty days from the entry of any Order adopting this Report and Recommendation to file and serve an amended complaint if they can cure the deficiencies identified here and properly serve Defendant(s).  If Plaintiffs fail to do so within that period, the undersigned recommends that the Court dismiss all claims in this case with prejudice.

## V.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Vitaliano.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS.  *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).  Plaintiffs shall serve this Report and Recommendation on Defendants and promptly file evidence of service on ECF.

Dated: Central Islip, New York
August 25, 2025

SO ORDERED:

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge